UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHARON A. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-254-DML-LJM |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry on Motion for Attorney's Fee under EAJA

This matter is before the court on the motion (Dkt. 34) by plaintiff Sharon A. Taylor for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further consideration.

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) her attorney's fees and expenses unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. The party's motion to recover her fees must be timely. 28 U.S.C. § 2412(d)(1)(B).

The Commissioner opposes Ms. Taylor's fee request and argues that no fee should be allowed because his position was "substantially justified." The Commissioner has the burden of proof on this issue. *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009). If the court rejects the Commissioner's threshold argument that no fee should be awarded, he contends that a fee award should be no more than $5,449.36, an amount that Ms. Taylor says she will accept as a compromise.

To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation conduct, including the ALJ's decision, and its litigation position, and makes one determination as to the entire civil action. *Id.*; *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004); 28 U.S.C. 2412(d)(2)(D) (for purposes of fee award, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be substantially justified, the Commissioner's position must have reasonable factual and legal bases, *Pierce v. Underwood,* 487 U.S. 552, 565 (1988), but need not have been correct. *See Jackson v. Chater,* 94 F.3d 274, 278 (7th Cir. 1966) (citing *Pierce,* 487 U.S. at 566 n.2). The test is whether the Commissioner "had a rational ground for thinking that [he] had a rational ground" for denying benefits. *See Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir. 1994).

Recent decisions by the Seventh Circuit provide guideposts for assessing when the Commissioner's position is and is not substantially justified. In *Stewart v. Astrue,* 561 F.3d 679 (7th Cir. 2009), the district court had remanded the denial of benefits but also denied fees under the EAJA. The Seventh Circuit reversed the denial of fees, finding that the ALJ's decision had "contravened longstanding agency regulations, as well as judicial precedent," both in deciding the plaintiff's residual functional capacity and then in formulating the hypothetical question to the vocational expert. *Id.* at 684. The ALJ had rejected the agency physicians' determination of residual functional capacity in favor of his own evaluation that the plaintiff had greater functional capacity based on "new and material evidence" that the ALJ never identified. The ALJ also had failed to explain the supposed inconsistencies between the plaintiff's daily activities and the medical evidence. *Id.* The ALJ's hypothetical question was legally deficient because it did not include all the plaintiff's limitations that were supported by medical evidence. On this matter, the ALJ (and the Commissioner, in

2

support of the ALJ's decision) justified the hypothetical on grounds that the Seventh Circuit had rejected many times before. *Id.* at 685.

The Seventh Circuit in *Golembiewski v. Barnhart,* 382 F.3d 721 (7th Cir. 2004), also reversed a district court's denial of fees under the EAJA. The district court's affirmance of the ALJ's original decision was appealed to the Seventh Circuit and was reversed. The Seventh Circuit had directed the district court to remand because the ALJ had "violated clear and long judicial precedent and violated the Commissioner's own Rulings and Regulations." *Id.* at 724. The ALJ's decision had not discussed credibility at all, but the Commissioner had defended that decision by arguing that a credibility determination could be "implied" from factual bases the ALJ had never discussed. *Id.* The ALJ had also ignored significant medical evidence and mischaracterized other medical evidence. *Id.* The Seventh Circuit noted that in ordering the district court to remand to the ALJ, it had not rejected any arguments raised by the plaintiff on appeal and had not adopted or affirmed any position the Commissioner advanced in defending the ALJ's decision. *Id. See also Huber v. Astrue,* 2010 WL 3869011 at *5 (7th Cir. 2010) (reversing district court's denial of fees when ALJ had "ruled contrary to and failed to mention the most directly relevant medical report").

On the other side of the EAJA boundary, by comparison, are *Conrad v. Barnhart,* 434 F.3d 987 (7th Cir. 2006), and *Cunningham v. Barnhart,* 440 F.3d 862 (7th Cir. 2006), cases in which the Seventh Circuit affirmed the district courts' denials of fees.

In *Conrad,* a key medical report limited the claimant to unskilled work and added a part-time work limitation. The ALJ had not addressed the report in his discussion of the claimant's residual functional capacity, though the ALJ had adopted an unskilled work limitation. The Commissioner defended the ALJ's failure to address the part-time limitation on the grounds that the limitation was not a medical opinion of the claimant's functional capabilities but only a reflection of the claimant's preferences. The district court had

3

disagreed and found that the ALJ had not complied with SSR 96-8p, which requires ALJs to explain when they disagree with a medical source's opinion. Both the district court and the Seventh Circuit, after a close parsing of the doctor's report, found that there was a reasonable, even though erroneous, basis for treating the part-time limit as a non-medical opinion. 434 F.3d at 991-92. The Commissioner's position therefore had been substantially justified.

In *Cunningham v. Barnhart,* 440 F.3d 862 (7th Cir. 2006), the Seventh Circuit affirmed the district court's denial of fees and distinguished *Golembiewski.* In *Cunningham,* the remand was based on the ALJ's failure to explain his reasoning as carefully and thoroughly as necessary. Unlike *Golembiewski,* the ALJ had generally mentioned all of the objective medical evidence, and there was medical evidence to support the ALJ's conclusion even though the ALJ had not adequately connected the evidence to his conclusion. 440 F.3d at 865. Further, "[i]t was not that the ALJ failed to engage in any credibility determination as in *Golembiewski*; rather, the ALJ failed to connect all the dots in his analysis." *Id.*

The court has reviewed its remand decision and the parties' briefs on the merits and on the EAJA issues. Ms. Taylor's case is closer to *Conrad* and *Cunningham*, which were focused primarily on inadequate explanations by the ALJ of what might well be a reasonable bottom-line decision, than to *Stewart and Golembiewski,* where the ALJ had failed to follow longstanding judicial precedent and the rules and regulations of the Social Security Administration. *See also Frost v. Astrue,* 369 Fed. Appx. 721, 722 (7th Cir. 2010) (affirming district court's denial of EAJA fee award):

> Insufficient explanation by an ALJ differs from lack of substantial justification for a denial of benefits. For all we can tell, benefits may again be denied on remand, and that decision may be sustained on judicial review; [the plaintiff's] victory may be short lived. We recognize that the remand is a victory that can in principle support an award of fees [citation omitted]. But nothing about this remand, in particular, implies the absence of substantial justification.

The ALJ's decision to award disability benefits to Ms. Taylor with a disability onset date of August 30, 2000, followed an appeal to the Seventh Circuit that had resulted in a remand to the ALJ to consider whether Ms. Taylor's joint and spine problems met Listings 1.02A or 1.04A. On remand and after a hearing, the ALJ found that Ms. Taylor's knee and back impairments equaled Listing 1.04A (but not 1.02A) as of August 30, 2000, but not an earlier alleged onset date. Ms. Taylor's appeal of that decision to this court is the civil action for which she is seeking an award of attorney's fees. This magistrate judge, with the parties' consent, considered the appeal.

The court rejected Ms. Taylor's arguments in the main, ruling that Ms. Taylor had not been denied due process, had not proved that the ALJ was biased against her, and had not demonstrated that the ALJ had erred in finding that Ms. Taylor's impairments never equaled Listing 1.02A. The court ordered a remand to the ALJ, however, for evaluation and clarification of a conflict within the ALJ's decision regarding Ms. Taylor's past work as a secretary at step one and step four.

The inconsistency for which the court ordered remand was not even mentioned by Ms. Hall until her reply brief in support of reversal of the ALJ's decision, when she pointed out the ALJ's inconsistent descriptions of Ms. Hall's work history. It is possible that the inconsistency was the result of a technical error in articulation which can be reasonably explained, and may not require a change to the ALJ's bottom-line decision that Ms. Hall was not disabled until her knee and back impairments equaled Listing 1.04A as of August 30, 2000.

At step one of the Social Security Administration's familiar five-step sequential process for evaluating disability claims, the question before the ALJ was whether Ms. Hall is engaged in substantial gainful activity. Under step one, the ALJ stated that Ms. Hall "has not engaged in substantial gainful employment since May 5, 1998, the alleged onset date." On

that basis, the ALJ moved to step two of the five-step evaluation. When the ALJ reached step four, he determined whether Ms. Hall could perform her past relevant work given her residual functional capacity, a question that identifies past relevant work by reference to whether it was performed at a substantial gainful activity level. Here, the ALJ determined that Ms. Hall's work as a secretary in 1999 and 2000 *was* substantial gainful activity and past relevant work. As this court found, that statement is inconsistent with the statement in the step one section of the ALJ's decision that there was no substantial gainful employment since 1998. The court declined to assess the effects of this error in the ALJ's articulation of his decision, finding it preferable that the agency evaluate the conflict and clarify the ALJ's reasoning on remand.

The court rejects Ms. Taylor's argument that the inconsistent statements by the ALJ regarding Ms. Taylor's work history necessarily means the ALJ did not follow the law in determining the onset date of Ms. Taylor's disability, a date that was supported by medical evidence. The court finds it appropriate to exercise its discretion to deny an award of fees under the EAJA in this case. Taken as a whole, the government's position in Ms. Taylor's case, including the ALJ's decision, was substantially justified even though the court ordered a remand.

## **Conclusion**

Plaintiff Sharon A. Taylor's motion for an award of fees under the EAJA (Dkt. 34) is DENIED.

So ORDERED.

Date: 12/22/2010

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
United States Attorney's Office
Tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net